THATCHER *v.* TROUSLOT, ADMX., ET AL.

(Decided May 20, 1935.)

*Mrs. Eva E. Shaw* and *Miss Jane M. Sutter,* for plaintiff in error.

*Mr. Wm. R. McClelland, Mr. Arthur R. Cline* and *Messrs. Taber & Daniells,* for defendants in error.

CARPENTER, J. In 1910, Mary E. Burch, being the owner of some property, made a will. After providing for debts, and life estates to Clarence H. Burch, her husband, and to Harriet N. Thatcher, her mother, her will contained the following provision:

"Third. After the death of the said Clarence H. Burch and Harriet N. Thatcher, I give and bequeath all that remains of said personal and real estate to my brothers and sisters, share and share alike. Should any of my said brothers or sisters become deceased, leaving children, I give and devise the share that the said brother or sister would have received to his or her child or children."

At the date of the will, 1910, Mary E. Burch had two sisters and two brothers living. William P. Thatcher was one of them. In 1912, Clarence H. Burch, Har-

riet N. Thatcher and William P. Thatcher all died. William left surviving him two children, Alfred R. Thatcher, plaintiff in error, and Florence A. Thatcher. Florence married, and on October 16, 1916, died, leaving surviving her the defendant in error, John T. McFellin, who was born that day. In 1933 Mary E. Burch died and her will was duly probated, and defendant in error, Marie L. Trouslot, is now *administratrix de bonis non,* with the will annexed.

Alfred R. Thatcher claims the entire share of the estate which would have gone to his father, William P. Thatcher, and John T. McFellin claims he is entitled to the share his mother, Florence A. Thatcher McFellin, would have taken had she survived the testatrix. To settle this conflict the administratrix brought an action in the Probate Court asking the construction of the section of the will above quoted, and seeking the direction of the court in the disposition of that part of the estate.

There is no dispute as to the facts, and the Probate Court decided the issue in favor of John T. McFellin. Alfred R. Thatcher prosecuted error to the Common Pleas Court, where the judgment was affirmed, and on petition in error he now presents the matter to this court.

The first consideration in the construction of any will is to determine the intention of the testator. Mary E. Burch made it clear that should any of her brothers or sisters die, the share of such deceased one should pass "to his or her child or children." It is conceded that by the force of this provision Florence A. Thatcher McFellin would have taken one-half of the share her father, William P. Thatcher, would have taken had he survived. Under the common-law rule of construction the devise to her would lapse with her death, and her surviving brother, Alfred R. Thatcher, would take the whole share of his father. This is the rule under

which he now asks that share be awarded to him. In support of this claim his counsel have cited many cases from other states, but the legislature of Ohio has given us a rule to the contrary in Section 10504-73, General Code, the material part of which is as follows:

"When a devise of real or personal estate is made to a child or other relative of the testator, if such child or other relative was dead at the time the will was made, or dies thereafter, leaving issue surviving the testator, in either case such issue shall take the estate devised as the devisee would have done, if he had survived the testator."

The will carried the devise to Florence A. Thatcher McFellin, a grand niece of the testatrix, and, as such, being a "relative" of the testatrix, the statute above quoted carried her share to her son John T. McFellin. *Woolley* v. *Paxson*, 46 Ohio St., 307, 24 N. E., 599.

The judgment of the Probate Court and that of the Court of Common Pleas are affirmed.

*Judgment affirmed.*

Lloyd and Overmyer, JJ., concur.