## DEMOS et v FREEMAS

Ohio Appeals, 2nd Dist., Franklin Co.

No. 2801.   Decided Feb. 15, 1938.

Fred C. Hauck, Columbus, David T. Keating, Columbus, for plaintiffs-appellants.

Robert R. Shaw, Columbus, for defendant-appellee.

## OPINION

By HORNBECK, J.

The plaintiffs, heirs at law of Sappho A. Freemas, deceased, instituted their action against Angel J. Freemas, widower of Sappho A. Freemas, deceased, to set aside a transfer by the Auditor of Franklin County to the defendant of certain property which was in the name of Sappho A. Freemas during her lifetime and that the title of the plaintiffs to the real estate be quieted and for other relief.

The petition avers that on June 12, 1928, the husband, Angel J. Freemas, murdered his wife, Sappho A. Freemas, and that the defendant alone survived her. The defendant filed a general demurrer to the petition, which was overruled. Defendant then answered, admitting certain averments of the petition and asserting that the act of killing his wife was committed while he was insane asd mentally incapable of committing a felonious act; that on the 18th of June, 1828, he was committed to the State Hospital for the Insane by the Probate Court of Franklin County, Ohio, and since that date has been discharged as cured and sane.

Plaintiff replied, denying that when defendant killed his wife he was insane and mentally incapable of committing the act and denied his commitment to the State Hospital and his discharge as cured of insanity. The record, however, supports the averment in the answer as to the commitment of defendant to the State Hospital for the Insane and his discharge as cured.

Thereafter, the cause came on for trial and upon the evidence finding was made denying plaintiff the relief sought. Thereafter, motion for new trial was filed, submitted, heard and overruled and judgment was entered on the finding. Appeal is prosecuted to this court on questions of law.

The cause was tried and is presented here upon the theory that unless it appeared that the defendant at the time that he killed his wife was legally insane—that is to say, incapable of appreciating whether the act was right or wrong—he was, on this record, upon proof of the killing, chargeable with murder and- should not in equity be permitted to inherit his wife's property.

The testimony in the record is devoted to this controverted question. In fairness to the parties and to clarify our position we deem it advisable at the outset to say that in our judgment the petition does not state a cause of action, nor the record sustain proof which authorizes the granting of the equitable relief sought.

The question here presented has been decided in Ohio in **Deem v Millikin, 6 O C C, 357.** This opinion was decided by the judges of the Second Circuit, of which this Appellate Court is the successor. Syllabus;

"The statute of descents provides in clear terms that where one dies intestate and seized in fee of lands, they shall descend and pass to the children of such intestate; and the courts can not, upon consideration of policy, so interpret the statute so as to exclude from the inheritance one who murders such intestate."

Elmer L. Sharkey, the son of Caroline Sharkey, had murdered his mother, was convicted of the crime and hanged. After the death of his mother Elmer Sharkey executed several notes payable to defendants in error, secured by mortgages on real estate to which it was claimed Elmer Sharkey had succeeded as the only child. By cross petition the holders of the notes and mortgages sought to assert a lien upon the real estate described. Answering, the plaintiffs in error, brothers and sisters of Caroline Sharkey, deceased, who would inherit the real estate described if the son could not, averred that the real estate did not descend to him. It is obvious that if the claim of the plaintiffs in error was sustained it must have been upon the equitable doctrine that a wrongdoer should not be permitted to benefit by his wrongful act and not upon any legal principle, because, clearly, upon the law side of the court the son would inherit under the statute. The court, through Judge Shauck writing the opinion, held as set forth in the syllabus. The judgment in this case was affirmed in the Supreme Court without opinion in 53 Oh St, 668 and has not in any subsequent case been criticized, modified or reversed.

We are further committed to the doctrine of Deem v Millikin in a recent opinion of this court, Hoddap, Gdn., etc. v Oleff, Admr., etc., et al, 17 Abs, 543, 40 O L R, 209. It is true that in this case there was another aspect upon which the case was determined in favor of the killer but definite consideration was given to the question raised in the instant case. At page 545 Judge Sherick said:

"A consideration of the case of Deem v Millikin, 6 O C C, 357, * *·* is important in that it places Ohio in accord with the major rule as stated in 9 R C L., 47, Section 40; 'that in the absence of a statute providing that murderers shall not inherit the property of their victims, the court can not except murderers from the operation of the statutes of descent'."

This principle is adopted and carried into the 4th syllabus of the same case in the Supreme Court, 129 Oh St, 432.

We have read the briefs of counsel on the demurrer in the trial court and note that distinction is undertaken to be made as between the equitable right here asserted and the legal right of the defendant under the Code. It is a maxim that equity follows the law. The principle is well stated in 16 O. Jur. 113.

"Thus, positive statutes govern courts of equity, the same as courts of law; and the former are not at liberty to apply an equitable interpretation of such statutes, in order to avoid a seemingly undesirable result. Rights acquired under them can neither be enlarged nor diminished; nor can equity interfere with absolute legal priorities, in spite of its principle of equality."

Many cases are cited to support the text.

The action of the Legislature in enacting 10503-17, GC, effective January 1, 1932, wherein it is provided that "no person finally adjudged guilty, either as principal or accessory, of murder shall be entitled to inherit or take part of the real or ·personal estate of the person killed," etc., is a recognition that theretofore the statute made no such exception. This statute, if effective at the time of the death of Sappho Freemas, could not have affected the right of the defendant to inherit, because he was not convicted of murder in the first ·· second degree.

In this case the defendant has not been brought to trial for the killing of his wife. There is made upon this record an issue whether or not he was legally insane at the time of the murder of his wife but in view of our well defined opinion on the question herein discussed and the binding effect of both of the cases cited, we are satisfied that the judgment must be affirmed, though not upon the legal questions argued and briefed in this court.

BARNES, PJ, and GEIGER, J, concur.