## HARRISON v HILLEGAS, et

Probate Court, Tuscarawas Co

Decided February 16, 1939

Herman W. Seikel, New Philadelphia, for plaintiff.

## OPINION

By LAMNECK, · J.

On February 24, 1938, Scott Harrison, administrator with the will annexed of the estate of Jesse T. Hillegas, deceased, and also administrator with the will annexed of the estate of Jessie L. Hillegas, deceased, brought separate actions to construe the respective wills of these decedents. Jesse T. Hillegas and Jessie L. Hillegas were husband and wife.

The wills themselves are comparatively simple and present no difficulty. The will of Jesse T. Hillegas gives his wife "her legal share," and after making a few small bequests the remainder of the estate is given to an adopted granddaughter.

The will of Jessie L. Hillegas gives her entire estate to her husband.

It appears that on December 29, 1937, Mr. and Mrs. Hillegas, while living together, engaged in an altercation, and during its course Mr. Hillegas shot his wife and then shot himself. He died almost immediately

and she died two days later on December 31, 1937.

It is contended that §10503-17, GC, when read with §10503-18, GC, has some application in this case. §10503-17 reads as follows:

"No person finally adjudged guilty either as principal or accessory, of murder in the first or second degree, shall be entitled to inherit or take any part of the real or personal estate of the person killed, whether under the provisions of this act relating to intestate succession, or as devisee or legatee, or otherwise under the will of such person; nor shall such person inherit or take any real or personal estate of any other person as to which such homicide terminated an intermediate estate or hastened the time of enjoyment. With respect to inheritance from or participation under the will of the person killed, the person so finally adjudged guilty of murder in the first or second degree shall be considered as though he had preceded in death the person killed. Such adjudication shall not affect the rights of an innocent purchaser of any such property if the purchase was made prior to the time the murderer was finally adjudged guilty. A pardon shall restore all such rights, but shall not affect the rights of an innocent purchaser of any such property."

The court can not agree with this contention because Mr. Hillegas in fact died prior to Mrs. Hillegas. Even if he had died after Mrs. Hillegas, the statute would still be inapplicable because he died without having been convicted of first or second degree murder. There must be a conviction within the terms of the statute. It does not apply when the murderer commits suicide prior to conviction or where a conviction was of a lesser degree than first or second degree murder. The court is supported in this view by the case of **Demos v Freemas, 26 Abs 601,** wherein it was held that this section has no effect upon one never brought to trial or convicted.

It is quite evident that §10503-18, GC, is the first controlling statute in this case. It reads as follows:

"When there is no evidence of the order in which the death of two or more persons occurred no one of such persons shall be presumed to have died first, and the estate of each shall pass and descend as though he had survived the other or others. When the surviving spouse or other heir at law

or legatee dies within three days after the date of death of the decedent, or within thirty days after the date of death of such decedent if such death resulted from a common accident, the estate of such first decedent shall pass and descend as though he had survived such heir at law or legatee. The provisions of this section shall prevail over the right of election of a surviving spouse."

This section provides, insofar as it is applicable to these cases, that when a spouse dies within three days of the death of a decedent, the estate of such decedent shall pass and descend as though the decedent had survived such spouse. (In re Thatcher, 30 O. N. P. (N.S.) 515.)

Since Mrs. Hillegas died within two days after the death of Mr. Hillegas, his estate passes under his will as though he had survived Mrs. Hillegas.

Since §10503-18 GC, only applies to the estate of the first decedent and not to the estate of a legatee, heir or surviving spouse of such first decedent, Mrs. Hillegas' estate therefore passes under her will as the survivor of her husband.

In other words, both estates pass under their respective wills as though they had survived each other.

The second question that presents itself is whether or not Mrs. Hillegas is entitled to a year's allowance under §10509-54, GC, and to property not deemed assets under §10509-74, GC, from the estate of her husband when she in fact survived her husband.

Neither §10509-54, GC nor §10509-74, GC makes any reference to the matter.

Do the words "the estate of such first decedent shall pass and descend as though he had survived such heir at law or legatee" in §10503-18, GC, bar a year's allowance and and an allowance of property not deemed assets?

It has been definitely held that the words "heir at law or legatee" in this section include a surviving spouse. (In re Thatcher, 30 O.N.P. (N.S.) 515; Ostrander v Preece, 129 Oh St, 625, 196 N.E. 670, 3 OO 24).

On the other hand, it has been held that the allowance for a year's support is a vested right and is not divested by the widow's death. If it has not been paid or set off, her legal representative can force payment from her husband's estate. (In re Crouse, 44 Oh Ap 31, 184 N.E. 253, 13 Abs 652).

Likewise, the claim for an allowance of property not deemed assets survives the death of a surviving spouse.

While §10503-18, GC, is very indefinite on this point, the court believes it was the intention of the legislature to bar these allowances if the spouse died within three days after the death of the decedent. The word "pass" means to convey or transfer as by will, deed, or by operation of law, etc., so as to vest the title or interest in another. The year's allowance and property not deemed assets is an interest in the estate of another which vests by reason of the provisions of law. Thus, the word "estate" in §10503-18 GC, includes the right to a year's allowance, and to allowance of property not deemed assets. The section specifically, provides that "the estate of such first decedent shall pass and descend as though he had survived such heir at law or legatee." We believe this conclusion is suported by the case of In re Thatcher, 30 O.N.P. (N.S.) 515, and by Ostrander v Preece, 129 Oh St 625, 196 N.E. 670, 3 O.O. 24. In both of these cases, the widows of the decedents died within three days and in both cases the court held that the estates of the first decedents passed as though they had survived the widows.

Mr. and Mrs. Hillegas, prior to their death, had adopted their minor grandchild, Irma Gene Hunt, who was 10 years of age when these decedents died. This child was living in their home at the time of their death.

A child of a decedent under the age of 18 years is entitled to a year's allowance, and if under the age of 21 is entitled to property not deemed assets, if there is no surviving spouse. Since §10503-18, GC, provides for the disposition of the estates of a husband and wife who died within three days of each other as though they had survived each other, their minor child of the age of 10 years would be entitled to a year's allowance and an allowance of property not deemed assets from the estate of each. The court believes that this would apply likewise to an adopted child. (Kroff v Armhein, 94 Oh St 282, 114 N. E. 267, §10512-19 GC).

Under §10504-73, GC, where a devisee dies before the testator, leaving issue, such issue take the estate devised. The word "issue" includes an adopted child. (Miller v Shepard, 29 Oh Ap 22, 162 N. E. 788; §10512-19, GC). It likewise includes a grandchild of a devisee (Thatcher v Trouslot, 52 Oh Ap 74, 6 O.O. 134, 3 N. E. (2d) 57).

Since Jessie L. Hillegas left all of her property in her will to her husband, Jesse T. Hillegas, who preceded her in death, her property after the payment of a year's allowance and property not deemed assets to Irma Gene Hunt, adopted granddaughter, would pass to the issue of Jesse T. Hillegas including the adopted granddaughter as provided for in §10504-73, GC, as follows:

John Hillegas, a son, one-fourth; Ruth McCue, daughter, one-fourth; Irma Gene Hunt, granddaughter and adopted daughter, one-fourth; Winifred Hillegas, granddaughter, one-fourth.

The term "legal share" of a spouse, used in a will, means that part of an estate of which a spouse can not be deprived by the provisions of a will. (Foster v Clifford, 87 Oh St 294). Where a wife survives a husband and leaves more than one child surviving, it means one-third of the net estate plus the right to live in the mansion house, an allowance for a year's support, and allowance of property not deemed assets. But where the wife is deemed by law to have preceded the husband in death, under §10503-18, GC, it would be limited to one-third of the net estate, provided the decedent leaves more than one child surviving.

The estate of Jesse T. Hillegas, after paying a year's allowance and property not deemed assets, to Irma Gene Hunt, would therefore pass as follows:

(1) The "legal share", or one-third of the net estate devised to Jessie L. Hillegas, would pass to the issue of Jessie L. Hillegas including the adopted granddaughter, as follows:

John Hillegas, son, one-fourth, Ruth McCue, daughter, one-fourth, Irma Gene Hunt, granddaughter and adopted daughter, one-fourth. Winifred Hillegas, granddaughter, one-fourth.

(2) The remaining two-thirds would pass as follows:

John W. Hillegas, all carpenter tools of the deceased, and a note on which is due approximately $350.00; Ruth McCue, daughter. $100.00; Irma Gene Hunt—all of the residue.

The bequest of $100.00 to the Christian Church of Uhrichsville is void for the reason that the will of the testator was not executed one year prior to his death as required by §10504-5, GC.

The $2,000 in the will of Jesse T. Hillegas given to Freddie Hillegas was the property of Winifred Hillegas and is disregarded.