THOMPSON, A MINOR, ET AL., APPELLEES, *v.* BADERTSCHER, D. B. A. HOLMES CARTAGE CO., APPELLANT.

(No. 68-173—Decided December 31, 1968.)

---

*Messrs. Graham & Graham* and *Mr. Thomas Bopeley,* for appellees.

*Messrs. Pomerene, Burns, Milligan & Frase, Messrs. Schuler, Miller & Schuler* and *Mr. Raymond Miller,* for appellant.

*Per Curiam.* The instruction given is nearly identical with one approved by the Ohio Judicial Conference. See 1 Ohio Jury Instructions 309, Section 21.10(a). The phrase specifically complained of by the appellee as it there appears is, "or if you are unable to determine how the accident happened then your verdict must be for the defendant." This phrase appears repeatedly throughout Chapter 21 of the Ohio Jury Instructions. See Sections 21.10(a)

and (c), 21.30(c), 21.50(d) and 21.60(d). As we view it, the charge is an admonition against guessing, a way of saying that if the proof on both sides of a question is left in equipoise the party with the burden of proof must lose. See *Bradley* v. *Cleveland Ry. Co.*, 112 Ohio St. 35, 40. Compare 1 Ohio Jury Instructions 141, Section 3.50(d).

Since this is as it should be, the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is affirmed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS and BROWN, JJ., concur.

O'NEILL, HERBERT and SCHNEIDER, JJ., dissent.