In re Benn.

[Cite as In re Benn, 18 Ohio App. 2d 97.]

(No. 28960—Decided May 1, 1969.)

Mr. *John T. Corrigan*, prosecuting attorney, and *Mr. Ronald E. Wilkinson*, for appellee State of Ohio.

*Messrs. Tolliver, Nimrod, Thompson & Griggs*, for appellant Tommie Benn.

DAY, J. In this case in Juvenile Court, the judge heard and determined delinquency status of two juveniles without a jury. Only one appealed. In lower terms, the charge was abusing a police officer, resisting arrest and assault and battery.

Under the existing law of Ohio, the trial judge was within his authority. He was equally within his authority in deciding the case on what he deemed to be the preponderance of the evidence.

There was substantial evidence in support of conflicting versions of the facts. This posed a classic instance in which the trier of the facts had the right and the duty to resolve the evidential dispute by weighing and assessing the credibility of the witnesses. This the trial judge did, saying specifically that he credited the police version of the facts and not that of the respondent and his witnesses. On the record here, having in mind that sufficient

proof in a juvenile status inquiry presently requires only a preponderance, the evidential conclusions of the trial judge meet the standards of *Hamden Lodge* v. *Ohio Fuel Gas Co.* (1934), 127 Ohio St. 469, 482, and we, a reviewing court, are permitted no further concern with the weight of the evidence. Accordingly, we have unanimously affirmed the judgment below. However, issues of law raised and inherent in this appeal move us to further expand our remarks.

One of the issues saved by the appellant is the question of a right to a jury trial in a delinquency hearing in Juvenile Court. Another not raised, but which we may notice under our duty to see justice done, *State* v. *Domer* (1964), 1 Ohio App. 2d 155, 171,[1] is the trial judge's use of the preponderance-of-evidence test in weighing the evidence pursuant to his obligation as the trier of the facts in a bench case.

Only recently has the Supreme Court of the United States vouchsafed to juveniles, tried in state courts to determine delinquency, some of the constitutional rights which the state procedure in a similar case would necessarily extend to adults charged with crime as a matter of due process or equal protection. *In re Gault* (1967), 387 U. S. 1. Still more recent is the action of the Supreme Court bringing the right to a jury trial to adults tried under state criminal process in any instance where the same case, were it tried federally, would activate the Sixth Amendment's jury guarantee. *Duncan* v. *Louisiana* (1968), 391 U. S. 145.

Despite the forecasts which *Gault* and *Duncan* might support, the Supreme Court of this state has not departed significantly from the traditional view that proceedings under Juvenile Acts are essentially civil in nature, are not trials in the usual sense (thus the quantum of proof required is a mere preponderance of the evidence) and the constitutional safeguards of Section 10, Article I of the Ohio Constitution and the Fifth and Sixth Amendments to the United States

---

[1] On application for reconsideration in 1965, page 165.

Constitution are irrelevant.[2] *Cope* v. *Campbell* (1964), 175 Ohio St. 475. *In re Whittington* (1967), 13 Ohio App. 2d 11, motion to certify overruled and appeal dismissed, March 15, 1967; judgment vacated and case remanded for reconsideration "in light of *Gault*" (1968), 391 U. S. 341, 344. Cf. *Prescott* v. *State* (1869), 19 Ohio St. 184, 187-188. See, also, *In re Agler* (1968), 15 Ohio App. 2d 240, and *State* v. *Shardell* (1958), 107 Ohio App. 338. The traditional view prevails whether the proceedings to determine delinquency is triggered by actions felonious (*Cope*) or misdemeanant (the present case) in an adult.

The case which we now affirm exemplifies the fiction which allows the elision from "crime" to "delinquency" where a child is involved. In the present case, the respondent, although charged in terms of adult statutes for misdemeanors (Section 2917.33, Revised Code, *Resisting or abusing an officer*; and Section 2901.25, Revised Code, *Assault and battery and menacing threats*), received a status-determination trial under Section 2151.02, a part of the Juvenile Court provisions in the Revised Code. How long the illusion of non-criminality can be maintained under the legerdemain of a Juvenile Code status determination is a matter of some dubiety. For the *Gault* decision begins, in a juvenile matter, to apply concepts peculiar to the rights of adult persons charged with crime. And, although the *Gault* court disavows any intent to require total conformance to adult criminal or even administrative procedure in juvenile hearings, the rationale of the decision indicates that developments, of which *Gault* is an illustration, have not yet run their course.[3]

---

[2]In fact, the equivalent of some of the constitutional rights is available to juveniles by statute. See Sections 2151.35 and 2935.14, Revised Code.

[3]A three-judge court in the United States District for the Southern District of New York, in *Nieves* v. *United States* (1968), 280 F. Supp. 994, has held that a juvenile is confronted with a constitutionally impermissible choice when forced to choose between a jury trial under the marijuana laws or the advantages available to him under the Federal Juvenile Delinquency Act—a choice of the latter being deemed a waiver of a jury (See Section 5033, Title 18, U. S. Code). In *United States* v. *Constanzo* (C. C. A. 4, 1968), 395 F.

Nevertheless, as an intermediate Court of Appeals we stand between what the court immediately superior to us has done and the anticipation of what the highest court in the land may do. This is no limbo. Our place in the judicial hierarchy clearly requires us to follow the rule of our immediate superior unless and until the Supreme Court of the United States changes the rule or gives a clearer signal that it will. This it has not done. With deference, but reluctance, we conclude that juveniles in this state, whose status is tested on matters criminal in adults, have no right to a jury trial nor to have their condition measured by standards of proof "beyond a reasonable doubt." "The condition of being a boy" still spells less procedurally than the condition of being a man in otherwise identical circumstances.

The judgment below is affirmed.

*Judgment affirmed.*

SILBERT, C. J., and WASSERMAN, J., concur.

---

2d 441, 443-446, the conviction of a juvenile in juvenile delinquency proceedings for violation of the Dyer Act (Section 2312, Title 18, U. S. Code) was affirmed, but the Fourth Circuit opinion took great pains to point out that the juvenile's constitutional rights had been preserved and that the evidence supported a quantum of proof beyond a reasonable doubt.