In re Estate of Birt, Deceased.

(No. 27052-52-19—Decided November 18, 1983.)

Court of Common Pleas of
Preble County, Probate Division.

*Jerome B. Bohman,* for Estate of Luther Birt.
*George J. Earley,* for Danny Birt.
*R. L. Cousineau,* for Nancy Dickey.

Dye, J. The executor of the within estate has filed an application to determine whether or not Danny Warren Birt has the right to take under the Will of Luther Birt, decedent herein. Danny Birt is the sole beneficiary under the Will of Luther Birt. Opposing his right to inherit are two adult children, who would take the estate as heirs, were Danny Birt not qualified to take under the will.

This matter has been presented upon stipulation of facts and briefs by counsel. The parties have stipulated that on May 4, 1983, the Juvenile Division of the Common Pleas Court of Preble County determined Danny Birt to be a delinquent child by reason of having violated R.C. 2903.02, murder, in that said Danny Birt purposely caused the death of his father, Luther Birt, the decedent herein.

R.C. 2105.19(A) provides, in part, as follows: "No person who is convicted of or pleads guilty to a violation of or complicity in the violation of Section 2903.01, 2903.02, or 2903.03 of the Revised Code * * * shall in any way benefit by the death. * * *" Thus the question presented is whether or not determination of delinquency is such that R.C. 2105.19 is applicable and thus precludes Danny Birt from taking under the Will of Luther Birt.

The principal case cited by counsel for Luther Birt's other children is *Egelhoff* v. *Presler* (P.C. 1945), 44 Ohio Law Abs. 376 [32 O.O. 252], in which the Probate Court of Franklin County found that a sixteen year old boy who had killed his father was precluded from inheriting from the father's estate. A reading of the opinion does not specifically reveal whether or not that matter was transferred and the child prosecuted as an adult, or whether the juvenile court retained jurisdiction. The court has inquired into this matter, and has determined that the juvenile court (actually the Franklin County Court of Common Pleas, Domestic Relations Division, exercising juvenile jurisdiction) did, in case No. 25573, relinquish jurisdiction and transfer the case to the common pleas court. Thereafter Harry E. Byers, Jr., did, in that court, plead guilty to murder, case No. 27246. Thus that case is not in point as to the exact issue involved in this case.

R.C. 2105.19 does not specifically state whether that section is applicable only to conviction as an adult, or whether it is intended to apply both to criminal convictions and juvenile determinations of delinquency. However the statute is couched in adult criminal language; a juvenile is not "convicted" and does not plead "guilty."

It is well-established that R.C. 2105.19 does not preclude a person from inheritance unless that person is "convicted" or does "plead guilty." *Harrison* v. *Hillegas* (P.C. 1939), 28 Ohio Law Abs. 404 [13 O.O. 523]; *Winters National Bank* v. *Shields* (P.C. 1939), 29 Ohio Law Abs. 193 [14 O.O. 438]; *Demos* v. *Freemas* (App. 1938), 26 Ohio Law Abs. 601.

Juvenile proceedings are not criminal in nature. *In re Benn* (1969), 18 Ohio App. 2d 97 [47 O.O.2d 170]; *Cope* v. *Campbell* (1964), 175 Ohio St. 475 [26 O.O.2d 88]; *State* v. *Hale* (1969), 21 Ohio App. 2d 207 [50 O.O.3d 340].

Absent the effective application of a statute requiring disinheritance, a murderer can inherit from his victim's estate. *Deem* v. *Millikin* (1895), 53 Ohio St. 668.

Of particular importance to this case is R.C. 2151.358(H), which read, in part: "The judgment rendered by the court under this chapter shall not impose any of the civil disabilities ordinarily imposed by conviction of a crime in that the child is not a criminal by reason of such adjudication * * *." Clearly to rule that the child cannot inherit would impose a civil disability by reason of the delinquency adjudication.

The courts, in considering such cases, and the legislature in drafting R.C. 2105.19 and 2151.358, are attempting to resolve two conflicting public policies: the first being that a person who causes the death of another shall not benefit thereby; and the second being the desire to rehabilitate a young person who has committed an unlawful act. It is clear to the court that by drafting R.C. 2105.19 in terms of a criminal conviction, and by the enactment of the quoted portion of R.C. 2151.358(H), that the legislature did not intend R.C. 2105.19 to apply to proceedings in juvenile court.

The results of the application of this determination to the facts in the instant case illustrate, in the estimation of the court, that the better policy is being served. At the time of the commission of the act that resulted in the determination of delinquency, the boy was just past his sixteenth birthday. Unless an early release is authorized, he will be released by the department of youth services when he is twenty-one. At that time the resources of this relatively modest estate could very well be critical to his successful re-entry into society.

The court finds that R.C. 2105.19 is inapplicable to the facts of this case, and that Danny W. Birt is entitled to take as devisee under his father's will.

*Judgment accordingly.*