This is a consolidated appeal through which both parties challenge the holding of Judge Nancy Russo that neither of them proved the elements of the complaint or counterclaim on an automobile related negligence action. Both argue that, under the facts of the case, one must be liable to the other. We agree, reverse and remand.
On July 18, 1996, at about 4:00 p.m., Lucille Matthews, driving a 1981 red Oldsmobile, was eastbound on Franklin Avenue in Cleveland, Ohio. She was traveling at about 35 mph in a 25 mph zoned residential area as she approached West 45th Street. She claims that the traffic light at that intersection was green at all times for the Franklin Avenue traffic. She noticed a car, previously stopped southbound on West 45th, make a right hand turn onto Franklin Avenue westbound, saw the Hamilton car moving south on West 45th, enter the intersection, and, despite applying her brakes, her car collided with the passenger side of Hamilton's car.
Shirley Hamilton, in the company of her two grandchildren, then five and fifteen years of age, was operating a 1983 yellow Mercury southbound on West 45th Street intending to make a left hand turn at Franklin Avenue and proceed eastbound. She testified she was third in line, in the centermost lane on West 45th stopped at a traffic signal that was red for West 45th Street traffic. She claims while stopped, a van, in the southbound curb lane, passed her car and made a right hand turn onto Franklin Avenue westbound. After the traffic signal changed to green for West 45th traffic, the cars ahead of her proceeded through the intersection and, as her car entered the roadway, she noted Mathews' car on Franklin, tried to speed up and go southbound on West 45th Street, was struck on the passenger side in the eastbound lanes of Franklin, and her vehicle ended up against the southeastern curb on Franklin.
Bernadine Salvatore-Medley, a second floor tenant in an apartment at the southeastern corner of West 45th and Franklin, claimed to have witnessed the collision. She stated the Hamilton car (described as white) and travelling southbound on West 45th Street, entered Franklin just as the traffic signal which had been green for West 45th Street traffic changed to amber. She noticed that the Mathews' car (described as red) moving eastbound on Franklin was not slowing down. She sensed a collision, and, when the impact occurred under the traffic light, the signal was red for both Franklin and West 45th Street traffic.
On January 23, 1997, Mathews filed a complaint alleging the negligence of Hamilton was the proximate cause of Mathews' personal injuries. Hamilton filed an answer with a myriad of affirmative defenses including allegations of Mathews' negligence and contributory negligence and a counterclaim alleging that Mathews negligence was the proximate cause of Hamilton's personal injuries. In June 1997, Hamilton's two grandchildren, through a motion to intervene, filed a complaint against Hamilton and a cross-claim against Mathews alleging that the negligence of either Hamilton or Mathews was the proximate cause of their injuries.
The parties stipulated to a bifurcation of the issue of liability from that of damages, the minors' claims were stayed until after a determination of liability, and the issue was tried before the judge on February 2, 1998. On February 19, 1998, Judge Russo made the following journal entry:
 Bench trial held 2/2/98. Plaintiff failed to prove all essential elements of the complaint; therefore judgment is rendered accordingly for the Defendant on the Plaintiff's complaint. Defendant's (sic) failed to prove all essential elements of the counterclaim and cross claim; therefore judgement is rendered accordingly for Plaintiff. Each party to bear its own costs. This is a final judgment pursuant to ORC 2505.02.
Both Mathews and Hamilton filed notices of appeal.
 Matthews' first and second assignments of error state:
 I. THE TRIAL COURT ERRED IN HOLDING THAT THE PLAINTIFF FAILED TO PROVE HER CLAIM DESPITE THE EVIDENCE PRESENTED.
 II. THE TRIAL COURT ERRED IN NOT DETERMINING FAULT ON ANY OF THE PARTIES DESPITE THE EVIDENCE AND TESTIMONY PRESENTED.
Hamilton's sole assignment of error reads:
 I. THE TRIAL COURT ERRED IN FAILING TO WEIGHT (SIC) THE EVIDENCE AND RENDER A FINDING OF FACTS.
In these assignments of error, Mathews and Hamilton are essentially raising the same argument. Each is claiming that the judge erred in failing to reach a determination on liability in light of the evidence presented. They each maintain that only one of them could have had the right of way and it was the judge's duty to assess the credibility of the witnesses, arrive at a finding of fact, and reach a determination.
Faced with conflicting versions of the facts, the trier of facts has "the right and the duty to resolve the evidential dispute by weighing and assessing the credibility of the witnesses." In re Benn (1969), 18 Ohio App.2d 97, 247 N.E.2d 335. A judge may not dispose of difficult and conflicting issues, merely by determining that they are too difficult, and leaving those issues unresolved. To do so constitutes an abuse of discretion. Taylor v. Taylor (1981), 2 Ohio App.3d 79,440 N.E.2d 823.[1]
After careful review of the record in the case sub judice, it is clear that the evidence here, as in most cases, is in conflict. This conflict, however, does not permit the judge to ignore elicited testimony and fail to make a ruling as to liability by a finding that neither party proved the elements of the tort. In the record, there exists substantial evidence upon which she could base her findings of fact, and such evidence, if believed or discounted, is sufficient to produce a belief that one party's negligence was more likely than not the cause of the collision. Cohisions do not occur unless one or more persons are negligent.
The attorneys defending the complaint and counterclaim suggest that the judge was correct and guided by Thompson v. Badertscher
(1968), 16 Ohio St.2d 156, 243 N.E.2d 64. The issue in that case was a standard 1960's jury instruction which was interpreted by the court as follows:
 As we view it, the charge is an admonition against guessing, a way of saying that if the proof on both sides of a question is left in equipoise the party with the burden of proof must loose.
Id. at 158. This jury instruction, upon which they rely, has been superceded, and contributory negligence has not been a complete bar to recovery in tort since 1980. Thus, Thompson, supra, is neither controlling nor persuasive.
Did the defendant owe a duty to the plaintiff and did the defendant breach that duty? Negligence, and contributory and/or comparative negligence, were the only issues, as proximate cause was not a consideration. Each driver had a duty to the other, and one of them breached it. It is a well settled principle that the trial judge is inherently in a better position than we to determine the credibility of the witnesses, and the veracity of their claims. Gillen-Crow Pharmacies, Inc. v. Mandzak (1966),5 Ohio St.2d 201, 215 N.E.2d 377. As a result, it is necessary to return this matter for her review of the record so that she may reach a definitive conclusion.
Judgment is reversed and this cause is remanded for a determination in accordance with this opinion.
It is ordered that each side bear their own costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J.CONCURS IN JUDGMENT ONLY WITHCONCURRING OPINION.
PATRICIA ANN BLACKMON. J.CONCURS IN JUDGMENT ONLY AND WITHCONCURRING OPINION.
____________________ JUDGE ANNE L. KILBANE
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E), unless a motion for reconsideration with supporting brief, per App.R. 26 (A) is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also, S.Ct.Prac.R. II, Section 2 (A) (1)
[1] This was a divorce action in which the location and disposition of the wife's coin collection, various life insurance policies, and other assets were in dispute. The trial judge found that neither party had proved its contention regarding possession of the missing coins and insurance assets. The appellate court found that not making a decision was a holding against the plaintiff and an abuse of discretion.