BEATTY ET AL., APPELLANTS, *v.* RIEGEL, A MINOR, APPELLEE.

(No. 2617—Decided November 30, 1961.)

*Messrs. Pickrel, Schaeffer & Ebeling* and *Mr. James F. Barnhart*, for appellant.

*Messrs. Altick & McDaniel*, for appellee.

KERNS, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Montgomery County, entered upon a jury verdict in favor of the defendant in an action to recover for property damage and personal injuries allegedly sustained as the result of a collision between automobiles driven by the plaintiff, Harry V. Beatty, and the defendant, Farald L. Riegel.

In his petition, plaintiff alleges that on the 27th day of October 1957, he was operating his 1952 Dodge automobile north on Salem Avenue in the curb lane; that at such time and place the defendant, Farald L. Riegel, was operating an automobile south on Salem Avenue; and that at or about 2717 Salem Avenue the defendant drove his automobile across the northbound lanes and into the path of plaintiff's automobile. The defendant's answer was a general denial. A motion for a new trial was overruled.

The only error assigned in this appeal, as stated by the plaintiff-appellant, is that:

"There was prejudicial error in the court's charge to the jury in that the court charged the jury that the plaintiff was charged with and found guilty of the commission of a felony in violation of the law of the state of Ohio, and that the jury might use this evidence for the purpose of attacking the credibility of the testimony of the plaintiff, when in fact there was no evidence in the record that the plaintiff had been charged with and found guilty of a felony."

This assignment of error is predicated upon the following excerpt from the court's charge:

"Now, ladies and gentlemen, there has been evidence in-

troduced in this hearing that the plaintiff, Harry Beatty, was charged with and found guilty of the commission of a felony in violation of the law of the state of Ohio. The court now charges you as a matter of law that this evidence was admitted and [is] admissible only for one fact and that is for the purpose of attacking the credibility of the testimony of Harry Beatty and shall be considered by you for that purpose only.''

This charge was suggested by the following testimony, which apparently drifted aimlessly into the record during the cross-examination of the plaintiff:

''Q. When did you first decide to go to school? A. That was decided by the state rehabilitation center sometime in 1958; first part of 1958, or thereabouts.

''Q. Is that the first barbering or hair styling study you had made? A. That's the first time I ever worked with a woman's hair, yes, sir.

''Q. Or with men's hair? A. No.

''Q. What was your previous experience? A. I had experience in barbering, too.

''Q. Where was that? A. That was in the Boys' Industrial School.

''Q. Where is that located? A. Lancaster, I believe.

''Q. When was that? A. Oh, sixteen, seventeen years ago, sir.

''Q. Were you there by reason of having committed a felony? A. I don't know what you would refer to as a felony.

''Q. Why were you there? A. Auto theft.

''Q. And where were you convicted? A. Juvenile Court.

''Q. What county? A. Right here in Dayton.

''Q. Now, from March, or whenever it was you started to barber school or hair stylist school, up until December 10, 1958, did you lose any time from school?''

At the time of trial, the plaintiff testified that he was 31 years of age. Judging from the foregoing testimony, he must, therefore, have been fourteen or fifteen years of age when he was confined at the Boys' Industrial School.

Although evidence concerning the disposition of a child in Juvenile Court is not ordinarily admissible as evidence in any subsequent case or proceeding in any other court (Section 2151.35, Revised Code), the plaintiff, apparently realizing that

the testimony was freely given and that no attempt was made at the trial to have the objectionable testimony stricken from the record, makes no complaint now concerning its admissibility. His only contention is that the court's charge is not responsive to said evidence.

Section 1639-30, General Code (now Section 2151.35 Revised Code), which was effective when the plaintiff was committed to the Boys' Industrial School by the Juvenile Court, has carried the following language, in substantially the same form, from the time of its enactment in 1937 (117 Ohio Laws, 520, 530) until the present time.

"The judgment rendered by the court under this section shall not impose any of the civil disabilities ordinarily imposed by conviction, in that *the child shall not be deemed a criminal by reason of such adjudication, nor shall any child be charged or convicted of a crime in any court*, except as provided in Section 1639-32, General Code. The disposition of a child under the judgment rendered or any evidence given in the court shall not be admissible as evidence against the child in any other case or proceeding in any other court. * * *." (Emphasis ours.)

Since the plaintiff's testimony discloses that his case was under the jurisdiction of the Juvenile Court, and that his commitment was to the Boys' Industrial School, it is apparent that he was neither charged with a crime nor convicted of a felony. Although auto theft, as such, may have the characteristics of a felony, all charges filed in the Juvenile Court come under the general classification, "delinquency," and are disposed of therein with a view to rehabilitation rather than punishment. As stated in the case of *Malone* v. *State*, 130 Ohio St., 443, at page 453:

"* * * Misdeeds of children are not looked upon in the Juvenile Court as crimes carrying conviction, but as delinquencies which the state endeavors to rectify by placing the child under favorable influences and by the employment of other corrective methods."

The same theme is discussed at length in the case of *Ex parte Januszewski*, 196 F., 123. See, also, annotation in 147 A. L. R., 443. In the case of *Gerak* v. *State*, 22 Ohio App., 357, the court fully appreciated that Juvenile Court proceedings are not criminal in nature. As stated therein, at page 359:

"* * * the whole proceeding is correctional and not criminal. No punishment is provided and none is intended. The act does not provide for the indictment of the child, or for the child's trial by jury, or for any of the constitutional rights of accused in criminal proceedings. * * *"

See, also, 31 American Jurisprudence, 324, Sections 52 and 53; 33 Ohio Jurisprudence (2d), 11, Section 5.

It follows, therefore, that the statement of the trial court, that "there has been evidence introduced in this hearing that the plaintiff, Harry Beatty, was charged with and found guilty of the commission of a felony in violation of the law of the state of Ohio," is without foundation and is erroneous.

The only remaining question is whether the error was prejudicial, and in this regard, the following observation from 4 Ohio Jurisprudence (2d), 255, Section 986, is applicable:

"The state of the evidence may often determine whether error in the charge will be regarded as harmless or prejudicial; many errors will be disregarded in cases where it is clear from the evidence that the judgment below worked substantial justice in the case, but will be considered ground for reversal where the evidence is conflicting and closely balanced. The position has been taken, however, that where the jury has been misdirected with reference to a controlling question in the case, the judgment should be reversed even though the weight of evidence may seem to support the verdict."

At the trial, Karl Koerner, one of the police officers who investigated the accident, and Beatty were the only witnesses presented by counsel for the plaintiff to testify as to events which occurred at or about the time of the accident. Counsel for the defendant introduced the testimony of Riegel, the testimony of Lynn Haughey, a passenger in the automobile being operated by Riegel, and the testimony of Kenneth Smiley, a schoolmate of Riegel, who witnessed the accident.

As might be expected, there is substantial conflict in the testimony of these witnesses upon controlling issues. The plaintiff was almost entirely dependent upon his own account of the events occurring immediately prior to the accident. He was likewise dependent upon his own description of conditions existing at the time of the accident. From the standpoint of liability, his entire case turned on whether the jury chose to believe or

disbelieve his version of the accident. Undoubtedly, his credibility was an important factor to be considered in this determination.

In our opinion, the erroneous and unnecessary reflection upon the credibility of the plaintiff in the charge of the trial court constitutes prejudicial error.

The judgment must, therefore, be reversed, and the cause remanded to the trial court for further proceedings according to law.

*Judgment reversed.*

CRAWFORD, P. J., and SHERER, J., concur.