THE STATE OF OHIO, APPELLANT, *v.* WEEKS, APPELLEE.

(No. 86AP-866—Decided April 28, 1987.)

*Michael Miller,* prosecuting attorney, and *Bonnie L. Maxton,* for appellant.

*James Kura,* county public defender, and *Barbara J. Slutsky,* for appellee.

BOWMAN, J. Appellee, Charlene Weeks, was indicted by the Franklin County Grand Jury for one count of obstructing justice, R.C. 2921.32. The indictment states in part:

"* * * <u>Charlene Sue Weeks</u> * * * with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime, or to assist another to benefit from the commission of a crime, did harbor or conceal such other person, to wit: Dale Lamb, Jr., and the crime committed by the person aided was a felony * * *."

Appellee entered a plea of not guilty and filed a motion to dismiss on the basis that Dale Lamb, Jr., the person alleged to have been harbored or concealed, was a juvenile delinquent and under Ohio law had not committed a crime. The trial court sustained the motion to dismiss, reasoning that R.C. 2901.04(A) requires that criminal statutes be strictly construed against the state and in favor of the defendant, and found that juveniles do not commit felonies or misdemeanors. Since there was no crime committed, the indictment did not state an offense.

Appellant sets forth the following assignment of error:

"The trial court erred when it dismissed appellee's indictment for obstructing justice on the grounds that the person harbored was a juvenile and, therefore, incapable of committing a 'crime.' "

Since the inception of a system of juvenile justice in Ohio, courts have distinguished between crimes committed by adults and delinquent acts committed by juveniles. In *Prescott* v. *State* (1869), 19 Ohio St. 184, at 187-188, the court described a juvenile proceeding as:

"* * * [N]either a criminal prosecution, nor a proceeding according to the course of the common law, in which the right to a trial by jury is guaranteed.

"The proceeding is purely statutory; and the commitment, in cases like the present, is not designed as a punishment for crime, but to place minors of the description, and for the causes specified in the statute, under the guardianship of the public authorities named, for proper care and discipline, until they are reformed, or arrive at the age of majority. * * *"

In *Cope* v. *Campbell* (1964), 175 Ohio St. 475, at 477, 26 O.O. 2d 88, at 89, 196 N.E. 2d 457, at 458, the court stated:

"Proceedings in a Juvenile Court are civil in nature and not criminal. The appellant was not prosecuted for a criminal offense. The appellant was never indicted, never convicted and never sentenced."

In *In re Agler* (1969), 19 Ohio St. 2d 70, at 73, 48 O.O. 2d 85, at 87, 249 N.E. 2d 808, at 811, the court stated:

"* * * A child is not a criminal by reason of any Juvenile Court adjudication, and civil disabilities ordinarily following conviction do not attach. * * *"

In *Ex parte Januszewski* (S.D. Ohio 1911), 196 F. 123, at 127, the court, in describing juvenile legislation in Ohio, stated:

"* * * The statute is neither criminal nor penal in its nature, but an administrative police regulation. * * * A consideration of the acts enumerated which respectively constitute delinquency precludes the thought that it was the legislative intent that they or any of them, when committed by infants within the specified age, should for correctional purposes be treated as a crime * * *."

This court has on several occasions recognized that an act committed by a juvenile is not a crime. In *State* v. *Hale* (1969), 21 Ohio App. 2d 207, at 212, 50 O.O. 2d 340, at 343, 256 N.E. 2d 239, at 243, this court stated: "Juvenile delinquency is not considered a crime in Ohio." In *Hale,* the court referred to the predecessor of R.C. 2151.358(H), which provided in part:

" 'The judgment rendered by the court under this section shall not impose any of the civil disabilities ordinarily imposed by conviction, in that the child is not a criminal by reason of the adjudication * * *.' " *Id.* at 212, 50 O.O. 2d at 343, 256 N.E. 2d at 243.

In *In re Skeens* (Feb. 25, 1982), Nos. 81AP-882 and -883, unreported, this court stated at 5:

"* * * While the commission of

acts which would constitute a crime if committed by an adult sets the machinery of the Juvenile Court in motion, the issue before the court is whether or not the minor has engaged in the kind of conduct that constitutes delinquency and will therefore justify the intervention of the state to assume his protection and custody. Evidence that the minor committed acts that would constitute a crime if committed by an adult is used only for the purpose of establishing that the minor is delinquent, not to convict him of a crime and to subject him to punishment for that crime."

Thus, a minor adjudicated as a juvenile delinquent for auto theft is not charged with a crime or convicted of a felony. *Beatty* v. *Riegel* (1961), 115 Ohio App. 448, 21 O.O. 2d 71, 185 N.E. 2d 555. Likewise, in *In re Estate of Birt* (P.C. 1983), 18 Ohio Misc. 2d 7, 18 OBR 407, 481 N.E. 2d 1387, the court found that a child adjudicated a delinquent by reason of the fact that he had shot his father was not convicted of a crime and was not precluded from inheriting his father's estate.

Appellant relies on *In re Russell* (1984), 12 Ohio St. 3d 304, 12 OBR 377, 466 N.E. 2d 553, which held that a prior adjudication of delinquency could be considered by the court for purposes of enhancing the penalty on a second theft offense. However, in *Russell*, the issue concerned only the disposition of a minor child within the juvenile court system. Appellant has cited no authority for the proposition that a prior adjudication of delinquency can be introduced as a prior conviction for purposes of enhancing a criminal penalty to be applied to an adult.

Appellant also asks this court to use R.C. 1.47 and 1.49 in construing the statute in question; however, R.C. 2921.32 is neither vague nor ambiguous, but is clear on its face. In order for there to be a crime charged there must have been a crime committed. That the legislature has recognized a distinction between crimes as committed by adults and acts of delinquency is demonstrated by R.C. 2945.67(A) which is the statute under which appellant has appealed this case. In that section, the legislature provided for appeals by the prosecuting attorney from certain decisions of a trial court in a criminal case or in any decision of the juvenile court in a delinquency case. If it was the intent of the legislature to include delinquency within R.C. 2921.32, it could have easily included the phrase.

In *State* v. *Bronaugh* (1980), 69 Ohio App. 2d 24, 23 O.O. 3d 23, 429 N.E. 2d 1084, the court held that the crime of obstructing justice cannot be committed without the commission of an underlying crime by another. The court stated it would be incumbent upon the state to establish the underlying crime. In this instance there was no underlying crime committed by Dale Lamb, Jr., the person alleged to have been harbored or concealed. Rather, Dale Lamb, Jr. was adjudged a delinquent and had not committed a crime. Appellant's assignment of error is overruled and the decision of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and YOUNG, JJ., concur.