IN RE FORFEITURE OF 1979 MAZDA.

(No. 2422—Decided May 10, 1989.)

*Martin Frantz,* assistant prosecuting attorney, for appellant state of Ohio.

*R.J. Helmuth,* for appellee Steven Mowrer.

MAHONEY, P.J. This case presents the issue of whether the state can petition for forfeiture of a vehicle as contraband when the underlying drug abuse offense was committed by a juvenile who was adjudicated a delinquent. We hold that it cannot and affirm the trial court's denial of the petition.

This case arose from a drug transaction between Larry Davis, a juvenile, and an undercover narcotics agent. Larry Davis was charged in juvenile court and he was found delinquent by reason of trafficking in marijuana. Davis' companion, the driver and owner of the vehicle at issue, was appellee Steven Mowrer.

Although he was charged with permitting drug abuse in violation of R.C. 2925.13, Mowrer's motion for acquittal was granted at the close of the state's case.

Pursuant to R.C. 2933.41 *et seq.,* the state filed a petition for the forfeiture of Mowrer's car on the grounds that the car was contraband because of its relationship to Davis' underlying criminal offense. After a hearing, the trial court denied the petition. In its opinion, the trial court stated:

"The Court has been advised and the parties have stipulated that with respect to Mr. Mowrer, Mr. Mowrer had been charged with the offense of — misdemeanor offense of trafficking in drugs.

"MR. HELMUTH: Permitting drug abuse.

"THE COURT: Had been acquitted in Wayne County Municipal Court. A certain Larry Davis, who apparently was present in the automobile at the time of the alleged offense with which Mr. Mowrer was charged, was also charged as a juvenile for either permitting drug abuse or trafficking in drugs and was adjudicated a delinquent by reason of —

"MR. HELMUTH: By reason of trafficking in marihuana.

"THE COURT: — by reason of trafficking in marihuana. Mr. Helmuth has filed a motion, oral motion to dismiss on behalf of Mr. Mowrer arguing that under the *State* v. *Weeks* (1987), 37 Ohio App. 3d 65, decided by the Franklin County Court of Appeals,

52

that where the Defendant harbors or conceals a juvenile delinquent, an indictment for obstructing justice fails to state an offense since the juvenile is incapable of committing a crime, as opposed to a delinquent act. And by application to the instant case and to Revised Code Section 2933.42, in order for the Court to order this particular motor vehicle forfeited to the State, it would have to find that the underlying offense involved in the violation set forth in the petition for forfeiture was or is a felony. And in light of the *Weeks* case, the petition dated July 15, 1988, alleging that Larry Davis had engaged in activity which constitutes a felony, that because of his status of a juvenile he's incapable of committing a felony, and, therefore, the Court cannot under 2933.42 or .43 order the motor vehicle forfeited. And because the petition dated April 28, 1988, is based upon allegations that Steven Mowrer, the owner of the motor vehicle, engaged in aggravated trafficking for which he was never charged, that petition too must be dismissed. * * *"

In this appeal, the state argues that the trial court erred in denying the petition. The state argues that the trial court misapplied *State* v. *Weeks* (1987), 37 Ohio App. 3d 65, 523 N.E. 2d 532, because the focus in *Weeks* was on the nature of the individual who was harbored, not on the nature of the underlying offense. We remind the appellant that an offense is not an offense unless it is committed by a person. Unless a person pleads guilty to or is convicted of a criminal offense, there is no forfeiture. Clearly, a juvenile adjudication of delinquency does not satisfy the legislature's intent in drafting the forfeiture statute or the strict scrutiny employed in the construction of a forfeiture statute. *State* v. *Lilliock* (1982), 70 Ohio St. 2d 23, 24 O.O. 3d 64, 434 N.E. 2d 723.

We find, therefore, that the trial court correctly and cogently analyzed the issue. Accordingly, we overrule the state's assignment of error and affirm the decision of the trial court.

*Judgment affirmed.*

REECE, J., concurs.

QUILLIN, J., dissents.