In re FORFEITURE OF $10,030 IN U.S. CURRENCY;

The STATE of Ohio, Appellant,

v.

FISHER, Appellee.

[Cite as *In re Forfeiture of $10,030 in U.S. Currency* (1990), 68 Ohio App.3d 536.]

Court of Appeals of Ohio,
Lucas County.

No. L–89–310.

Decided July 13, 1990.

*Anthony G. Pizza,* Prosecuting Attorney, and *Eric W. Slack,* for appellant.
*Jerome Phillips,* for appellee.

HANDWORK, Presiding Judge.

This matter is before the court upon appeal from the October 12, 1989 judgment of the Lucas County Court of Common Pleas which ordered that property seized from appellee, Arthur T. Fisher, by law enforcement officers be returned to appellee.

Appellant, state of Ohio, brought this appeal asserting the following sole assignment of error:

"The decision of the trial court was incorrect because the seized money was contraband pursuant to Ohio Revised Code Section 2933.43 in that it had a relationship to any underlying felony offense."

The undisputed facts in this case are as follows. On November 12, 1988, appellee was stopped by the Ohio State Highway Patrol for speeding. A traffic citation was issued for speeding and for failure to wear a seat belt. The patrol officer also searched appellee's car, with appellee's consent, and found $10,030 in U.S. currency in a handbag behind the front passenger seat. Appellee told the officer that others had given him the money to buy a half kilo of cocaine for them. The Toledo Police Department was called in on the matter and it seized the money. No charges were ever filed against appellee relating to the intended drug purchase.

Appellant filed a petition for forfeiture on November 18, 1988, pursuant to R.C. 2933.43(C), alleging that the money was contraband under R.C. 2901.-01(M) because it was intended to be used to violate R.C. 2925.03, aggravated trafficking. On January 17, 1989, appellee answered the petition asserting that the seizure was improper under R.C. 2933.41 *et seq.,* that the forfeiture proceedings do not comply with R.C. 2933.41 *et seq.,* that the court lacked *in personam* jurisdiction over appellee, and that appellee had not been charged with any felony regarding the possession of the money. On July 18, 1989, appellee sought a hearing on the matter. Following the hearing, the trial court issued a judgment entry on October 12, 1989. The court found that the money was not contraband and that the money was not needed as evidence. Therefore, the court ordered that the money be returned to appellee.

■ Appellant argues on appeal that the money was contraband pursuant to R.C. 2901.01(M)(8) because of appellee's statement that he intended to use the money to buy cocaine. Further, appellant argues that the money is subject to forfeiture because the underlying felony offense existed and the law does not require that appellee be charged with the offense.

R.C. 2901.01(M)(8) provides that "contraband" includes:

"Any personal property that has been, is being, or is intended to be used in an attempt or conspiracy to commit, or in the commission of, any offense or in the transportation of the fruits of any offense[.]"

Since appellee stated that he intended to use the money seized to purchase cocaine, we find that the money was contraband subject to seizure under R.C. 2933.43(A). Therefore, we find that the trial court's judgment was contrary to law.

■ Nonetheless, the trial court properly ordered that the money be returned to appellee for the following reasons.

R.C. 2933.43(C) provides, in pertinent part, that contraband seized because of its relationship to an underlying criminal offense must be returned to the owner if charges are not filed with regard to the underlying offense within thirty days after the seizure.

Because charges were never filed against appellee with regard to the intended purchase of cocaine, the money must, by law, be returned to him. Appellant's argument that charges need not be filed is contrary to statutory law. Accord *In re Forfeiture of 1979 Mazda* (1989), 48 Ohio App.3d 51, 547 N.E.2d 1238. Accordingly, appellant's sole assignment of error is found not well taken.

Having found that substantial justice has been done the party complaining, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the court costs incurred in connection with this appeal.

*Judgment affirmed.*

MELVIN L. RESNICK, J., concurs.

GLASSER, J., concurs in judgment only.