This timely appeal arises from the decision of the Court of Common Pleas, Juvenile Division, Belmont County, requiring Appellant to register as a sexual predator under R.C. Chapter 2950. For the following reasons, we modify the decision of the trial court to remove any language classifying Appellant as a sexual predator or subjecting him to the registration requirements of R.C. Chapter 2950.00 as a sexual predator.
Robert Rayner ("Appellant") was charged with one count of raping his niece. The offense occurred on January 3, 1999. Appellant was seventeen years old at the time. Appellant was arraigned in the Belmont County Court of Common Pleas, Juvenile Division, on February 20, 1999. The case was tried in juvenile court on May 19, 1999. On that same day the court adjudicated Appellant delinquent for one count of rape. The court also classified Appellant as a sexual predator pursuant to R.C. § 2950.01
et seq. The May 20, 1999 dispositional order committed Appellant to an indefinite term to the Department of Youth Services ("DYS") for a minimum of one year up to a maximum term ending on his 21st birthday. The dispositional order also required him to register as a sexual predator, "as required by law."
Appellant remained in the Belmont County detention facility until transferred to DYS in Columbus on June 18, 2000. The Office of the Ohio Public Defender, Juvenile Division, interviewed Appellant at DYS. Appellant indicated to the Public Defender that he wished to appeal the ruling which found him to be a sexual predator.
The Office of the Ohio Public Defender filed a Motion for Leave to File a Delayed Appeal on behalf of Appellant. This Court granted the motion on July 10, 2000.
Appellant's first assignment of error asserts:
 "THE TRIAL COURT ERRED WHEN IT DECLARED ROBERT RAYNER A SEXUAL PREDATOR PURSUANT TO R.C. 2950 WHEN SUCH CHAPTER IS NOT APPLICABLE TO JUVENILE SEXUAL OFFENDERS."
Appellant argues that he cannot be classified a sexual predator pursuant to R.C. Chapter 2950 because the statute does not apply to juveniles. Appellant states that R.C. Chapter 2950 merely denotes a framework for the classification and registration procedures of sexual offenders.
Appellant argues that pending legislation would extend R.C. Chapter 2950 to juvenile sexual offenders. Appellant states that the Ohio General Assembly would not be writing new laws to grant a juvenile court a power that it already has. Appellant argues that, in 1996, the General Assembly rewrote R.C. Chapter 2950 as part of Am. Sub. H.B. 180. Appellant contends that the new statute included new classification and registration procedures for persons adjudicated to be sexual predators, but did not include any provisions for classifying or registering juveniles as sexual predators.
Appellant argues that R.C. Chapter 2151, governing the juvenile court system, affects how R.C. Chapter 2950 applies to juvenile sexual offenders. Appellant states that the purpose of the juvenile courts is "to protect the public interest in removing the consequences of criminal behavior and the taint of criminality from children committing delinquent acts, and substitute therefore a program of supervision, care and rehabilitation." R.C. 2151.01(B). Appellant states that, in the case subjudice, the juvenile court declined to transfer the case to the adult criminal court because the juvenile court determined that Appellant was amenable to rehabilitation. Appellant argues that his designation as a sexual predator damages the concept, purpose and hope of juvenile rehabilitation.
Appellant also asserts that in other jurisdictions, where sexual predator classifications apply to juveniles, there has been legislation specifically designed to meet the needs of the juvenile system. Appellant notes that the states of Iowa, Wisconsin, Massachusetts and Washington each have specific juvenile sexual predator classification statutes designed to eliminate questions or confusion.
Appellant finally argues that Ohio has not completed the process of adopting and applying a sexual predator classification statute to juveniles. Therefore, Appellant argues that his sexual predator classification was in error because the statute does not apply to juveniles, and that this classification should be vacated.
Appellant's assignment of error is well-taken.
R.C. § 2950.01 defines a sexual predator as follows:
 "(E) Sexual predator means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in one or more sexually oriented offenses."
Being adjudicated a juvenile delinquent does not carry with it the same consequences as being convicted of a crime. The juvenile code clearly and specifically states: "The judgment rendered by the court under this chapter shall not impose any of the civil disabilities ordinarily imposed by conviction of a crime in that the child is not a criminal by reason ofthe adjudication and no child should be charged with or convicted of a crime in any court except as provided by this chapter." (Emphasis added). R.C. 2151.358(H). See also In re Good (1997), 118 Ohio App.3d 371,375; In re Agler (1969), 19 Ohio St.2d 70, 80; In re Skeens (February 25, 1982), Franklin App. Nos. 81AP-882, 81AP-883, unreported.
The purpose of a juvenile proceeding is to determine if the child is delinquent. State v. Weeks (1987), 37 Ohio App.3d 65, 66. Juvenile proceedings are not punitive, but corrective. In re Haas (1975),45 Ohio App.2d 187, 188. In Ohio, being found delinquent is different from being found guilty of a crime. In re Agler (1969), 19 Ohio St.2d 70,80. "The very purpose of the Juvenile Code is to avoid treatment of youngsters as criminals and insulate them from the reputation and answerability of criminals." Id.
The Second Appellate District has ruled that an adjudication of juvenile delinquency does not qualify as the requisite prior conviction pursuant to R.C. § 2950.01(E) to determine if a person is a habitual sexual offender. State v. Prether (January 5, 2001), Greene App. No. 2000CA59, unreported. In Prether, the trial court found the adult defendant to be a habitual sexual offender based on a prior juvenile sexually oriented offense committed while the defendant was a juvenile. In reversing the classification, the Second Appellate District court noted that judgments rendered by a juvenile court should not be used to impose civil disabilities ordinarily imposed by the conviction of a crime. Id. at 2. The court further noted that, "[i]f the legislature wishes juvenile adjudications to serve as predicate convictions for habitual sexual offender purposes, it should so provide with specific legislation to that effect." Id. at 4-5.
In the present case, Appellant was adjudicated delinquent in juvenile court. A juvenile court delinquency adjudication is not a criminal conviction, and Appellant cannot be subject to consequences normally attendant to a criminal conviction unless specifically established by the legislature. In re Skeens (February 25, 1982), Franklin App. Nos. 81AP-882, 81AP-883, 2; Prether at 4-5. Appellant's adjudication, therefore, cannot be used as the "conviction" of a sexually oriented offense, such conviction being part of the definition of a sexual predator in R.C. § 2950.01(E).
A juvenile adjudication of rape may be considered a conviction in limited circumstances. R.C. § 2151.335(G)(2) lists the circumstances a juvenile rape adjudication may be considered a conviction, as follows:
 "If a child is adjudicated a delinquent child for committing an act that, if committed by an adult, would be aggravated murder, murder, rape, felonious sexual penetration in violation of former section 2907.12
of the Revised Code, involuntary manslaughter, a felony of the first or second degree resulting in the death or physical harm to a person, complicity in or an attempt to commit any of these offenses, or an offense under an existing or former law of this state that is or was substantially equivalent to any of these offenses and if the court in its order of disposition for that act commits the child to the department of youth services, the court may make a specific finding that the adjudication should be considered a conviction for purposes of determination in the future, pursuant to Chapter 2929 of the Revised Code, as to whether the child is a repeat violent offender as defined in section 2929.01 of the Revised Code. If the court makes a specific finding as described in this division, it shall include the specific finding in its order of disposition and in the record of the case." (Emphasis added.)
R.C. 2151.355(G)(2) does not include an option to consider a juvenile adjudication of rape as a conviction for purposes of R.C. Chapter 2950.
Appellee withdrew a motion to transfer jurisdiction to adult court. (Tr. p. 22). By so doing, Appellee submitted to the jurisdiction of the juvenile court and the wide latitude given that court in its proceedings. State v. Carmichael (1973), 35 Ohio St.2d 1.
In applying the underlying policies of Juv.R. 30, R.C. Chapter 2151 and R.C. Chapter 2950, juvenile courts cannot classify a child as a sexual predator through a hearing in that court without specific legislation authorizing such a classification.
Therefore, Appellant's first assignment of error has merit.
It should be noted that the Ohio General Assembly has recently passed legislation which does subject certain juveniles to the classification and registration requirements of R.C. Chapter 2950. See newly enacted R.C. § 2152.191, eff. 1-1-02. The new statute only applies to certain juveniles offenses which have occurred after the effective date of the statute.
Appellant's second assignment of error asserts:
 "ASSUMING THE APPLICABILITY OF R.C. CHAPTER 2950 TO JUVENILE OFFENDERS, THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD THE EVIDENTIARY HEARING REQUIRED BY R.C. 2950.09(B) AND MAKE THE REQUISITE FINDING THAT ROBERT RAYNER IS LIKELY TO ENGAGE IN FUTURE SEXUALLY ORIENTED OFFENSES, IN VIOLATION OF ROBERT'S RIGHTS TO DUE PROCESS, AS GUARANTEED BY R.C. CHAPTER 2050, THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND SECTION 16, ART. I OF THE OHIO CONSTITUTION."
Because we have determined that Appellant is not subject to the requirements of R.C. Chapter 2950, his second assignment of error is moot.
In conclusion, we sustain Appellant's first assignment of error. We hereby modify the May 19, 1999, adjudication journal entry of the Belmont County Court of Common Pleas, Juvenile Division, to remove the final sentence of the fourth paragraph which reads: "Pursuant to ORC §2950.01, this Court makes the determination based on the evidence presented that Robert Rayner is a sexual predator." We also modify the May 20, 1999, dispositional judgment entry to remove the following language from page 3 of that entry: "Child ordered to register with the appropriate law enforcement agency as required by law as a sexual predator." The remainder of both the May 19, 1999, journal entry and the May 20, 1999, judgment entry are affirmed in full. We dismiss Appellant's second assignment of error as moot.
Vukovich, P.J., and DeGenaro, J., concurs.