[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
This case is before the court on motion of appellant, Norine Kreps, to place this appeal on the regular calendar. Our review of the record in this case reveals that the appeal was not properly perfected and it must be dismissed.
On June 25, 2002, a notice of appeal was filed by "Norine E. Kreps and Gene A. Kreps, Pro Se." Norine Kreps is the defendant in this case and Gene Kreps is not a party to this case. The notice of appeal as well as the motion to place the appeal on the accelerated calendar are both signed with two names; Norine E. Kreps followed by the initials "gk" and Gene A. Kreps. The handwriting of the name "Kreps" in both signatures is virtually identical. Clearly, Gene Kreps, who is not a party to this case, has signed Norine E. Kreps' name as well as his own on both documents. Since Gene Kreps is not a party to this case, neither the notice of appeal nor the motion is validly signed.
In In Re: Terrance P. (1997), 124 Ohio App.3d 487, this court stated:
"The record presented to us in this case shows that a signature that reads `Terrance P[.]' appears on the notice of appeal on the signature line, followed by a slash and initials. Underneath the signature line the following typed label appears: `TERRANCE P[.], PRO SE.' An affidavit from an attorney indicates that because of the `impending deadline' for Terrance to file the notice of appeal, he signed the pro se notice of appeal for Terrance after speaking with Terrance on the telephone and receiving authorization from Terrance to sign.
"App.R. 3(D) contains the following provisions: `Content of the Notice of Appeal. The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken. The title of the case shall be the same as in the trial court with the designation of the appellant added, as appropriate. Form 1 in Appendix of Forms is a suggested form of a notice of appeal.'
"A review of the above quoted provisions shows that they do not include any requirement regarding a signature on a notice of appeal. However, because a juvenile case is considered civil in nature, State v. Weeks
(1987), 37 Ohio App.3d 65, 66, 523 N.E.2d 532; Roe v. Franklin County
(1996), 109 Ohio App.3d 772, 783, 673 N.E.2d 172, the civil rules also apply in this case, even on appeal, as long as they are not by their nature clearly inapplicable. Civ.R. 1(A),(C).
"Civ.R. 11 is applicable in a juvenile proceeding, see Juv.R. 8(A)(1), and it provides, in pertinent part: `Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address and attorney registration number, if any, shall be stated. A party who is not represented by an attorney shall sign the pleading, motion, or other paper and state the party's address. Except when otherwise specifically provided by these rules, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. * * *."
"Because the provisions of Civ.R. 11 apply on appeal in a juvenile case, a signature was required on the notice of appeal. The signature that was required was either the signature of appellant or the signature of an attorney representing appellant. In this case, the signature was neither appellant's signature nor the signature of an attorney representing appellant. Clearly, the signature on the notice of appeal filed in this case does not meet the requirements of Civ.R. 11.
"The Supreme Court of Ohio has stated: `Pursuant to App.R. 3(A), the only jurisdictional requirement for the filing of a valid appeal is the timely filing of a notice of appeal. When presented with other defects in the notice of appeal, a court of appeals is vested with discretion to determine whether sanctions, including dismissal, are warranted, and its decision will not be overturned absent an abuse of discretion.'Transamerica Ins. Co. v. Nolan (1995), 72 Ohio St.3d 320, 322,649 N.E.2d 1229." In re: Terrance P., at 490-491.
In the instant case, this court finds that the sanction of dismissal of the appeal is appropriate. Since 1994, this is the fifth appeal Gene Kreps has had in this court in cases involving appellee, Gregory Pesina. Kreps has not been successful in any of his prior four appeals. Further, the trial court judge noted in this case that, "Gene Kreps has been declared a vexatious litigator by the Ohio Supreme Court and ordered not to file any further pleadings. Further, the plaintiffs argue that Gene Kreps previously filed a motion to intervene in this action which was denied so that he is not a party to this case."
Accordingly, this appeal is ordered dismissed at appellant's costs. All pending motions are moot and denied.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., James R. Sherck, J., and Mark L. Pietrykowski,P.J., CONCUR.