LEE, Appellant,

v.

CITY OF CLEVELAND et al., Appellees.

[Cite as Lee v. Cleveland, 151 Ohio App.3d 581, 2003-Ohio-742.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 80740 and 81504.

Decided Feb. 20, 2003.

582

John P. Fox; Phillips & Co., L.P.A., and Gerald W. Phillips, for appellant.

Joseph G. Hajjar, Assistant Law Director, for appellees.

PATRICIA ANN BLACKMON, Presiding Judge.

{¶ 1} Calvin Lee appeals from a judgment in favor of appellee city of Cleveland stemming from his complaint that the city and two of its police officers are liable for assault, battery, emotional distress, and civil rights violations. Lee assigns the following as errors for our review:

{¶ 2} "The Trial Court erred when it failed to correctly apply the burden of proof with respect to summary judgment proceedings under Civil Rule 56(C) and the Motion for Relief from Judgment under Civil Rule 60(B), that the movant must establish the non-existent (sic) of any material factual issues;

{¶ 3} "The Trial Court erred when it granted summary judgment against the Plaintiff's common law actions of assault and battery, and emotional distress claims and denied Plaintiff's Motion for Relief from Judgment, holding that the doctrine of respondeat superior could not be used or applied to make the City of Cleveland as employer liable for these claims;

{¶ 4} "The Trial Court erred when it granted summary judgment against the Plaintiff's civil rights and constitutional claims and denied Plaintiff's Motion for Relief from Judgment, since there existed at least a genuine issue of a material fact with respect to the existence of a "custom, pattern, or policy" with respect to the existence of state action;

{¶ 5} "The Trial Court erred when it granted summary judgment against the Plaintiff's common law actions of assault and battery, and emotional distress claims and civil rights and constitutional claims, and denied Plaintiff's Motion for Relief from Judgment, since the Ohio Governmental Immunity Statutes makes (sic) applicable the doctrine of respondeat superior;

{¶ 6} "The Trial Court erred when it granted summary judgment with respect to the Plaintiff's claims against Defendant Svoboda, and denied Plaintiff's Motion for Relief from Judgment, holding that one can not be held liable as an aider and abettor in absence of any physical contact with the Plaintiff and ignoring that there existed at least a genuine issue of material fact with respect to (sic: Defendant Svoboda's) role as an aider and abettor;

{¶ 7} "The Trial Court erred when it granted summary judgment against the Plaintiff's claims, and denied Plaintiff's Motion for Relief from Judgment, holding that governmental immunity was applicable to the intentional actions and conduct of the Defendants and ignoring the fact that there existed at least a genuine issue of material fact regarding their intentional actions and conduct;

{¶ 8} "The Trial Court erred when it granted summary judgment against the Plaintiff's claims for the intentional actions and conduct of the Defendants, and denied Plaintiff's Motion for Relief from Judgment, since to the extent that the Ohio Governmental Immunity Statute grants immunity for intentional actions and conduct it is unconstitutional as a violation of the constitutional rights of due process of law;

{¶ 9} "The Trial Court erred when it granted summary judgment against the Plaintiff's claims for the intentional actions and conduct of the Defendants, and denied Plaintiff's Motion for Relief from Judgment, since to the extent that the Ohio Governmental Immunity Statute grants immunity for intentional actions and conduct it is unconstitutional as a violation of the constitutional rights of equal protection of the law;

{¶ 10} "The Trial Court erred when it granted summary judgment against the Plaintiff and denied the Plaintiff's Motion for Relief from Judgment, due to its abuse of discretion in failing to rule upon the Plaintiff's Motion for Extension of Time for Discovery and in refusing to grant the Motion due to the willful concealment of the Office of Professional Standard File (OPS 97–125) by the Defendants."

{¶ 11}  Having reviewed the argument and the pertinent law, we affirm the trial court's decision.  The apposite facts follow.

{¶ 12}  In furtherance of an aggravated robbery investigation, Cleveland Police Officers Daniel Svoboda and Gerald Wolf drove the victim through Cleveland in search of his attackers.  The victim identified an occupied vehicle supposedly used by his attackers.  After the occupants failed to comply with the officers' verbal orders to exit the vehicle, Officer Svoboda approached from the driver's side while Officer Wolf physically removed Lee from the vehicle's front passenger seat.

{¶ 13}  Lee sued the city and Police Officers Daniel Svoboda and Gerald Wolf, alleging that on August 2, 1997 these officers caused him physical and emotional injury when Officer Wolf removed him from his car.  Lee asserted that Officer Wolf slammed him to the pavement and hit him in the head with a blunt object while Officer Svoboda approvingly observed.  Appellees claimed that the officers did no more than reasonably necessary to apprehend an aggravated robbery suspect.

{¶ 14}  On December 11, 2001, the trial court granted summary judgment in favor of the city and Officers Svoboda and Wolf. On January 9, 2002, appellant filed a motion for relief from judgment.  The following day, appellant filed his notice of appeal.  Subsequently, the trial court denied appellant's motion for relief.

{¶ 15}  Although Lee's ten assigned errors address summary judgment and relief from judgment, we need not address the latter.  Upon filing a notice of appeal, the trial court retains only that jurisdiction which is "not inconsistent with the court of appeals' jurisdiction to reverse, modify, or affirm the judgment."[1]  By filing a notice of appeal before the trial court ruled on his motion for relief, appellant divested the trial court of jurisdiction to rule on his motion.  Accordingly, herein we only address whether the trial court properly granted summary judgment, and all other issues are moot.  In the interests of clarity and judicial economy, we consolidate the summary judgment issues presented in the remaining assigned errors and address them jointly.

{¶ 16}  We consider an appeal from summary judgment under a de novo standard of review.[2]  Accordingly, we afford no deference to the trial court's

---

1.  *Yee v. Erie Cty. Sheriff's Dept.* (1990), 51 Ohio St.3d 43, 553 N.E.2d 1354, citing *In re Kurtzhalz* (1943), 141 Ohio St. 432, 25 O.O. 574, 48 N.E.2d 657, paragraph two of the syllabus.

2.  *Baiko v. Mays* (2000), 140 Ohio App.3d 1, 746 N.E.2d 618, citing *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212; *Northeast Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.* (1997), 121 Ohio App.3d 188, 699 N.E.2d 534.

decision and independently review the record to determine whether summary judgment is appropriate.[3] Under Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can only reach one conclusion which is adverse to the non-moving party.[4]

{¶ 17} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[5] The movant may satisfy this burden with or without supporting affidavits, and must "point to evidentiary materials of the type listed in Civ.R. 56(C)."[6] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will only be appropriate if the nonmovant fails to establish the existence of a genuine issue of material fact.[7] In satisfying its burden, the nonmovant "may not rest upon the mere allegations or denials of his pleadings, but his response by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."[8]

{¶ 18} Rather than accepting either party's allegations as true, or interpreting divergent factual representations as genuine issues of material fact, we review the entire record and determine whether each party met their respective summary judgment burdens.

{¶ 19} We first address the tort claims against the city and its officers. In moving for summary judgment, the city argued that Lee failed to lay any actionable claim against it and, alternatively, is entitled to sovereign immunity. Officers Svoboda and Wolf argued they are entitled to qualified immunity as city employees.

█ {¶ 20} Although Lee's complaint failed to lay any claim directly against the city, he attempted to attach liability for his tort claims via the doctrine of

---

3. *Id.,* citing *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 622 N.E.2d 1153.

4. *Temple v. Wean United, Inc.* (1979), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

5. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264.

6. *Id.* at 292, 662 N.E.2d 264.

7. *Id.* at 293, 662 N.E.2d 264.

8. Civ.R. 56(E); see *Dresher.*

respondeat superior. Lee's attempt fails because the city, as a political subdivision,[9] enjoys immunity from such civil complaints.

{¶ 21} R.C. 2744.02 sets forth a multitiered process by which we determine whether a political subdivision may be liable for state law torts. R.C. 2744.02(A) grants immunity to political subdivisions in performance of a proprietary or governmental function, such as the provision of police services or protection.[10] R.C. 2744.02(B) then removes immunity for "damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function" if an enumerated exception applies.

{¶ 22} Generally, the exceptions concern negligent acts by political subdivision employees, roadway safety, and other Ohio Revised Code provisions.[11] No exception applies to Lee's claim that police officers effectuated an arrest through the intentional use of excessive force. Accordingly, R.C. 2744.02 affords the city immunity in this regard, and the trial court did not err in granting summary judgment on Lee's state-law tort claims.

{¶ 23} Similarly, R.C. 2744.03(A)(6) provides immunity for employees of political subdivisions, such as Police Officers Svoboda and Wolf. The immunity exists unless "(a) [the employee's] acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (b) [the employee's] acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; [or] (c) [l]iability is expressly imposed upon the employee by a section of the Revised Code."[12]

{¶ 24} Officer Wolf forcibly handled Lee, an armed robbery suspect, after the crime victim identified the vehicle in which he sat as the vehicle used by his attackers. These agreed facts demonstrate no genuine issue of material fact existed as to whether Officers Svoboda and Wolf were entitled to qualified immunity. Lee countered with affidavits claiming the officers used excessive force, and thus stepped outside the scope of their employment.

{¶ 25} Neither party disputed that the officers were involved in an investigation which led them to suspect Lee; however, the parties disagree on whether the officers stepped outside the scope of their employment when Officer Wolf removed Lee from the vehicle. In their motion for summary judgment, appellees

9. See R.C. 2744.01(F).

10. See R.C. 2744.01(C)(2)(a).

11. See R.C. 2744.02(B).

12. See R.C. 2744.03(A)(6).

submitted Officer Wolf's affidavit in which he stated he used only that degree of force necessary to arrest a potentially armed and dangerous suspect. In his response, appellant failed to establish any genuine issue of material fact as to whether the officers exceeded the scope of their employment. Accordingly, the trial court did not err by granting summary judgment regarding Lee's state law tort claims against Officers Wolf and Svoboda.

{¶ 26} Lee also argues the trial court erred by granting summary judgment on his civil rights claims. We disagree.

{¶ 27} Section 1983, Title 42, U.S.Code provides:

{¶ 28} "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Colombia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress * * *."

{¶ 29} Section 1983 creates no substantive rights.[13] Rather, "Section 1983 provides a remedy for violations of substantive rights created by the United States Constitution [and] federal statute."[14] In order to prevail on a claim under Section 1983, a plaintiff must establish "(1) [that] the conduct in controversy was committed by a person acting under color of state law, and (2) that the conduct deprived plaintiff of a federal * * * constitutional or statutory [right]."[15] To prove the conduct was committed under the color of state law, the claimant must show that "the conduct complained of was taken pursuant to 'power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' "[16]

{¶ 30} While local governments are "persons" subject to suit under Section 1983, municipal liability under 1983 cannot rest solely on the doctrine of respondeat superior.[17] In order to find a local government liable under Section 1983, the claimant must show that a policy or custom of the governmental entity

---

13. *Baker v. McCollan* (1979), 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433.

14. *Roe v. Franklin Cty.* (1996), 109 Ohio App.3d 772, 778, 673 N.E.2d 172.

15. *Id.*; see, also, *1946 St. Clair Corp. v. Cleveland* (1990), 49 Ohio St.3d 33, 550 N.E.2d 456.

16. *Roe*, quoting *United States v. Classic* (1941), 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368.

17. *Monell v. New York City Dept. of Social Serv.* (1978), 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611.

was the driving force behind the constitutional violation.[18] A government policy exists when a person possessing final authority to establish municipal policy regarding the action in question issues a proclamation, rule, or edict.[19] "A government custom exists when government employees engage in a practice, not expressly authorized, with such persistence that it can be said that the policy making officials were placed on actual or constructive notice of said practice, and failed with 'deliberate indifference' to correct the practice."[20]

{¶ 31} In his motion for summary judgment, Lee failed to put forth any evidence that a policy or custom of the City was the driving force behind the alleged constitutional violation. As Lee failed to sustain his initial summary judgment burden, our inquiry ends and we determine that the trial court did not err by granting summary judgment on Lee's civil rights claims against the city.

{¶ 32} Further, Lee's Section 1983 claim against the officers fails to penetrate their qualified immunity against such an action. Public officials who perform discretionary functions are generally immune in a Section 1983 action as long as their conduct does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known.[21]

{¶ 33} Appellees put forth evidence that they did not violate Lee's statutory or constitutional rights. Lee failed to counter that a genuine issue of material fact exists as to this issue. Accordingly, the trial court did not err by granting summary judgment on Lee's Section 1983 claim against the officers.

Judgment affirmed.

ANN DYKE and TIMOTHY E. MCMONAGLE, JJ., concur.

---

18. *Polk Cty. v. Dodson* (1981), 454 U.S. 312, 326, 102 S.Ct. 445, 70 L.Ed.2d 509.

19. *Beck v. Pittsburgh* (C.A.3, 1996), 89 F.3d 966, 971.

20. *Russo v. Cleveland* (Jan. 6, 2000), Cuyahoga App. No. 75085, 2000 WL 10212, citing *Bordanaro v. McLeod* (C.A.1, 1989), 871 F.2d 1151, 1156, 1161.

21. *Kittrells v. Perry* (Sept. 5, 1996), Cuyahoga App. No. 69445, 1996 WL 502153, citing *Harlow v. Fitzgerald* (1982), 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396.