[Cite as *Cooper v. Youngstown*, 2016-Ohio-7184.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| J.A. COOPER | ) | CASE NO. 15 MA 0029 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| CITY OF YOUNGSTOWN, OHIO, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS:        Civil Appeal from the Court of Common
                                 Pleas of Mahoning County, Ohio
                                 Case No. 14 CV 1672

JUDGMENT:                        Affirmed.

APPEARANCES:

For Plaintiff-Appellant:         J. A. Cooper, *Pro se*
                                 Inmate No. A652-603
                                 Belmont Correctional Institution
                                 P.O. Box 540
                                 St. Clairsville, Ohio 43950

For Defendants-Appellees:        Atty. Neil D. Schor
                                 Atty. Matthew M. Ries
                                 Harrington, Hoppe & Mitchell, Ltd.
                                 26 Market Street, Suite 1200
                                 P.O. Box 6077
                                 Youngstown, Ohio  44501-6077

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                 Dated:  September 30, 2016

WAITE, J.

**{¶1}** Appellant [Jesse] J.A. Cooper appeals the Mahoning County Common Pleas Court's January 30, 2015 decision to grant summary judgment to the City of Youngstown, City of Youngstown Director of Public Safety ("YDPS"), and City of Youngstown Police Department ("YPD"), collectively referred to as ("Appellees"). Appellant argues that summary judgment was improper, here. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

**{¶2}** On December 17, 2012, Officer Brad Ditullio ("officer") observed Appellant driving with expired registration tags. He attempted to initiate a traffic stop; however, after he activated his emergency lights, Appellant drove off of the road and through several residential backyards. At one point, the officer exited his cruiser, stood in front of Appellant's car and ordered him to stop. After initially stopping, Appellant instead accelerated and drove towards the officer and struck him. The officer became stuck on Appellant's side mirror and was dragged by Appellant's vehicle as he continued to flee. The officer fired his weapon three times into the passenger window. Two bullets struck Appellant in the abdomen. Lt. Brian Butler of Internal Affairs conducted an investigation of the officer's actions. His investigation confirmed the officer's version of the facts. Accordingly, no disciplinary actions were taken against the officer.

**{¶3}** On July 24, 2013, Appellant pleaded guilty to one count of felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(2)(D)(1) and one count of failure to comply with order or signal of a police officer, a felony of the third degree in violation of R.C. 2921.33(B)(c)(5)(a)(ii). Appellant filed a motion to withdraw his plea, which was denied by the trial court. Appellant was sentenced to five years of incarceration. Appellant did not appeal his conviction or sentence. Appellant is currently incarcerated at the Belmont County Correctional Institution.

**{¶4}** On July 8, 2014, Appellant filed a complaint against Appellees claiming excessive force, but did not specify whether his claim was based on state or federal law. On December 16, 2014, Appellees filed a motion for summary judgment arguing that Appellant was not entitled to judgment based on the following grounds: (1) Pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), Appellant's convictions bar his claim; (2) Appellant failed to articulate an actionable claim; (3) Appellees were entitled to political subdivision immunity; and, (4) YDPS and YPD are not *sui juris*; legal entities. On January 30, 2015, the trial court granted Appellees' motion. Appellant timely appealed but failed to serve notice on Appellees.

<u>Non-Conforming Brief</u>

**{¶5}** In his "brief," Appellant has failed to provide a proper statement of his assignments of error, a summary of the issues presented, a statement of the case or a statement of the facts, and his unsupported arguments are largely incoherent and incomprehensible. As such, Appellant entirely fails to comply with App.R. 4(A)(4)-(7).

**{¶6}** Appellant has also filed a document he calls a reply brief; however, it is unclear to which assignment of error his arguments apply, as there are no headings. Appellant cites to several procedural rules, however, none of the cited rules appear to be relevant and he has not explained how they may apply to his case. Although Appellant's failure to abide by the appellate rules amounts to grounds for dismissal, in the interest of fairness and justice, we will attempt to address his arguments to the extent possible.

**{¶7}** As Appellant's assignments of error are lengthy and incoherent, a synopsis of Appellant's arguments serves to replace his specific assignments.

<u>First Assignment of Error</u>

**{¶8}** In his first assignment of error, Appellant appears to argue that the trial court improperly granted summary judgment in Appellees' favor because the evidence of record supports a finding that excessive force was used against him.

**{¶9}** Appellant argues that the officer did not seek permission to engage in a car chase and there is no evidence, other than the officer's "hearsay" statement, that the use of force was necessary. In so arguing, Appellant appears to contest his plea, conviction, and sentence; however, he failed to file any appeal regarding those issues. This appeal solely relates to the trial court's January 3, 2015 grant of Appellees' motion for summary judgment, not Appellant's criminal conviction and sentence.

**{¶10}** Appellees contend that the trial court properly granted summary judgment in their favor because Appellant's conviction bars his excessive force claim.

Citing *Heck, supra,* Appellees argue that excessive force is an affirmative defense to Appellant's criminal conviction(s). It does not form the basis for liability, standing alone. In order to recover damages for actions that would render a conviction or sentence invalid, Appellees argue that the plaintiff must be able to show that the conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. As the incident giving rise to Appellant's alleged excessive force claim gave rise to Appellant's convictions and sentence, Appellant is required to prove his convictions and sentence are invalid. However, Appellant declined to directly appeal his convictions and sentence. Hence, Appellees contend that he is barred from raising his claims for excessive force.

{¶11} Appellees next argue that in order to successfully assert an excessive force claim, a plaintiff must show that the incident was the result of an illegal policy or custom. Appellant failed to provide any evidence to demonstrate that the incident occurred as the result of an illegal YPD policy or custom.

{¶12} Appellees also argue that they are entitled to political subdivision immunity. Appellees note that it is unclear on what legal basis Appellant is framing his claims. It appears that at least part of his claims are based on a federal code, 42 U.S.C. 1983 ("Section 1983"). To the extent that Appellant filed any state claims, Appellees argue that they are immune pursuant to R.C. 2744.02, because the City of Youngstown is a political subdivision.

**{¶13}** Finally, Appellees contend that summary judgment was correctly granted because YDPS and YPD are not *sui juris.* In order to successfully raise his claims, Appellant was required to show that the named parties have the legal capacity to be sued. Appellees argue that the entities Appellant names in his complaint are not legally distinct from the City of Youngstown, thus are not the proper parties to be sued.

**{¶14}** The basis of Appellant's claims are not apparent from his complaint. Appellees and the trial court both assumed Appellant's claims arose from Section 1983. Pursuant to Section 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Colombia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress * * *.

**{¶15}** The trial court granted Appellees' motion for summary judgment based on the following grounds: (1) Appellant's conviction arising from the incident that gave rise also to his excessive force claim bars his recovery; (2) he failed to demonstrate that the alleged use of excessive force occurred as the result of an illegal policy or custom within the municipality; (3) to the extent that Appellant's claim

is rooted in state law, Appellees were entitled to immunity pursuant to R.C. 2744.02; and, (4) YDPS and YPD are not legal entities with the capacity to be sued.

**{¶16}** An appellate court conducts a *de novo* review of a trial court's summary judgment decision. *Campbell Oil Co. v. Shepperson*, 7th Dist. No. 05 CA 817, 2006-Ohio-1763, ¶ 8. Viewing the facts in a light most favorable to the nonmoving party, the trial court must find that: (1) there is no genuine issue of material fact remaining for litigation, (2) the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to only one conclusion, which is adverse to the non-moving party. *Id.* at ¶ 8, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

**{¶17}** The moving party bears the initial burden "of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment." *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996), citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). The burden then shifts to the non-moving party, who in return must set forth specific facts showing that a genuine issue of fact exists and that a reasonable factfinder could rule in that party's favor. *Campbell Oil Co., supra,* at ¶ 9, citing *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 386, 701 N.E.2d 1023 (8th Dist.1997).

**{¶18}** It is questionable whether Appellant asserts an articulable claim in his complaint. While Appellees and the trial court have determined that his claim was rooted in Section 1983, Appellant does not cite to Section 1983 or any other law.

Appellant also does not refer to "excessive force." However, it can be gleaned from Appellant's complaint that he is claiming that the officer used excessive force when he fired his gun into Appellant's passenger window.

**{¶19}** Although not addressed by the trial court, we note that Appellant provided no evidence whatsoever on summary judgment. In his response to Appellee's motion for summary judgment, he again failed to introduce any evidence to support his claims. Thus, Appellant failed at even a bare bones attempt to meet his reciprocal burden pursuant to Civ.R. 56(C).

**{¶20}** As to the merits of the trial court's decision, although some aspects of *Heck, supra,* have been called into question, it remains valid for the proposition that:

> In order to recover damages for an allegedly unconstitutional conviction or for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a prisoner must show that the conviction or sentence has been reversed on direct appeal, expunged by executive order declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus.

*Harman v. Chance*, 7th Dist. No. 99 CA 119, 2000 WL 1726520, *4, (Nov. 14, 2000), quoting *Heck, supra,* at 486-487.

**{¶21}** Although Appellant appears to be seeking damages rather than his release from confinement, Appellant's claims arise out of the incident that caused him to be convicted of felonious assault and failure to comply. While alluding to a "car

chase," where presumably the officer would require permission from some higher authority before undertaking, Appellant was shot after the chase was over, while the officer was approaching Appellant's vehicle on foot. Appellant deliberately struck the officer and then dragged him some distance while Appellant was attempting to continue to flee in his vehicle. Hence, Appellant was ultimately convicted of felonious assault (using his auto) on the officer as well as failure to comply with the officer's orders to stop. Appellant was shot only as a means to get him to end the felonious assault and get him to obey at least one lawful order. Because only the officer's shots caused Appellant to cease his unlawful actions, the officer's use of force, whether appropriate or excessive, were part and parcel of Appellant's criminal convictions. Had Appellant gone to trial instead of enter a plea, he could contest the facts as presented above and contest when and under what conditions the officer was required to use force. He did not, instead agreeing to enter a guilty plea and not contest any factual matters surrounding his conviction.

{¶22} Now, Appellant appears to argue that all of the officer's actions, from the beginning of the chase up to the shooting, were all improper. These factual issues, however, were put to rest at the time of Appellant's plea. Appellant failed to appeal his conviction and sentence, so any current argument that these should be invalidated has long since been waived. Appellant has likewise presented no evidence that his conviction and sentence has at any time been invalidated. The *Heck* court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination[.] * * * A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. (Footnote omitted.) (Emphasis sic.)

*Id.* at 486-487. Appellant seeks to "reform" the facts underlying his conviction in this damages action. His valid conviction renders that attempt invalid. Thus, pursuant to *Heck,* his claim is barred.

{¶23} Additionally, Appellant failed to demonstrate that the alleged excessive force was the product of a YPD policy or custom. "In order to find a local government liable under Section 1983, the claimant must show that a policy or custom of the governmental entity was the driving force behind the constitutional violation." *Lee v. Cleveland*, 8th Dist. No. 80740, 151 Ohio App.3d 581, 588-89, 2003-Ohio-742, 784 N.E.2d 1218, 1224, ¶ 30, citing *Roe v. Franklin Cty.*, 109 Ohio App.3d 772, 778, 673 N.E.2d 172 (10th Dist.1996). As Appellant has not shown that the alleged excessive force was the result of YPD policy, he cannot successfully assert a Section 1983 claim.

**{¶24}** As regards to any state claim, Appellees are also shielded by political subdivision immunity. In determining whether a political subdivision is entitled to immunity, a three-tiered analysis is employed. *Bowman v. Canfield*, 7th Dist. Mahoning No. 13 MA 144, 2015-Ohio-1323, ¶ 6, citing *Ziegler v. Mahoning County Sheriff's Department*, 137 Ohio App.3d 831, 835, 739 N.E.2d 1237 (7th Dist.2000); *Abdalla v. Olexia*, 7th Dist. No. 97-JE-43, 1999 WL 803592 (Oct. 6, 1999). The analysis begins with a presumption, "pursuant to R.C. 2744.02(A)(1), that a political subdivision is generally immune from liability for its acts and the acts and actions of its employees unless one of the exceptions enumerated within R.C. 2744.02(B) apply." *Bowman* at ¶ 6. The exceptions include: (1) the negligent operation of a motor vehicle by an employee who is acting within the subdivision's scope of employment and authority; (2) an employee's negligent performance of acts with respect to the subdivision's proprietary functions; (3) the negligent failure to repair public roads and negligent failure to remove obstructions from public roads; (4) negligence of employees that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function; and, (5) when a section of the revised code expressly imposes civil liability on the subdivision. *Id.* at ¶ 7. If any of the five exceptions applies, the political subdivision is stripped of its immunity. *Id.*

**{¶25}** The City of Youngstown and its departments, as a political subdivision, is entitled to a presumption of immunity. At no time does Appellant suggest that any of the law's exceptions apply to strip Appellees of their immunity. As it is not

apparent on the record that any of the exceptions enumerated within R.C. 2744.02(B) apply to Appellant's claims, Appellees maintain their immunity. Appellant appears to allege some intentional action on the part of the officer, but the sovereign immunity statute expressly protects political subdivisions from suit when that suit involves intentional bad acts by employees. See *Maggio v. Warren*, 11th Dist. No. 2006-T-0028, 2006-Ohio-6880 (intentional tort claims, are, by the express terms of the statute, not subject to any exception under R.C. 2744.02(B)); *Lee, supra* (there is no exception that applies to a claim that police officers effectuated an arrest through the intentional use of excessive force); *Wilson v. Stark Cty. Dept. of Human Services,* 70 Ohio St.3d 450, 452, 639 N.E.2d 105 (1994) ("[t]here are no exceptions to immunity for the intentional torts of fraud and intentional infliction of emotional distress"). Thus, it is clear that to the extent Appellant raises any state claims, the trial court correctly determined that Appellees are immune pursuant to R.C. 2744.02.

{¶26} Finally, the trial court granted summary judgment to two of the named defendants on the grounds that neither YDPS nor YPD are entities with the legal capacity to be sued. A plaintiff must demonstrate that the named parties in a complaint have the legal capacity to be sued. *Richardson v. Grady,* 8th Dist. Nos. 77381, 77403, 2000 WL 1847588 (Dec. 18, 2000.) A city police department is not *sui juris*; the real party in interest is the city itself. *Id.* at 2. As YDPS and YPD lack the legal capacity to be sued, the trial court properly granted summary judgment in favor of these Appellees on this basis, as well.

{¶27} Accordingly, the trial court's decision to grant Appellees' request for summary judgment as to Appellant's excessive force claims was correct. Appellant's argument to the contrary is without merit and his first assignment of error is overruled.

Second Assignment of Error

{¶28} In his second assignment of error, Appellant appears to argue that the trial court improperly relied on hearsay evidence.

{¶29} Appellant argues that Officer Ditullio's statements to the prosecutor are hearsay. According to Appellant, the officer made statements that supported his decision to fire his weapon. Appellant appears to argue that these statements were made only to the prosecutor and the record contains no evidence in support of Officer Ditullio's statements.

{¶30} Appellees respond by arguing that there is nothing on the record to suggest that the court relied on hearsay evidence. Even so, Appellees contend that statements given by Officer Ditullio and additionally by Lt. Butler were not hearsay.

{¶31} The statements at issue are contained within affidavits that were prepared during an internal investigation after the incident to determine if the officer's actions were proper. Although the affidavits were attached to Appellees' motion for summary judgment, there is nothing to suggest that the trial court relied on either affidavit in granting Appellees' motion for summary judgment. Even so, affidavits are proper evidence pursuant to Civ.R. 56(C). *U.S. Bank, N.A. v. Martin,* 7th Dist. No. 13

MA 107, 2014-Ohio-3784, ¶ 26. Accordingly, Appellant's second assignment of error is without merit and is overruled.

### Third Assignment of Error

**{¶32}** In his final assignment of error, Appellant appears to contest his sentence, which, as earlier addressed, is not at issue nor appropriately the subject of this appeal. He also repeats the rambling arguments made under his first two assignments of error. Appellees did not respond to these arguments, apparently because they are irrelevant in this matter. We would agree, and also note that any relevant arguments made by Appellant in this assignment have already been addressed.

### Conclusion

**{¶33}** In his non-conforming brief, Appellant generally contends that the trial court erred in granting summary judgment in favor of Appellees. As the record supports the trial court's decision, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.